NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MIGDALIA AZUCENA GIRON GARCIA;
NARALY ROCIO AGUILAR-GIRON,

    Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

    Respondent.

No. 17-72906

Agency Nos. A206-455-937
              A206-455-938

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2022[**]
San Francisco, California

Before: W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

    Petitioner Migdalia Azucena Giron Garcia ("Giron Garcia"), a native and

citizen of Guatemala, petitions for review of the decision of the Board of

Immigration Appeals ("BIA") upholding the order of the Immigration Judge ("IJ")

denying her application for asylum and withholding of removal and ordering her

removed to Guatemala. Petitioner Naraly Rocio Aguilar-Giron, Giron Garcia's

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

daughter, is a derivative beneficiary with respect to her mother's application for asylum only. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005); 8 U.S.C. § 1158(b)(3)(A); 8 C.F.R § 1208.21. We have jurisdiction pursuant to § 242(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(1), and we review the agency's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Under that standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

To qualify for asylum, Giron Garcia must show that she was persecuted or has a well-founded fear of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion," *see* 8 U.S.C. § 1101(a)(42)(A), and that one of these protected ground constitutes "one central reason" for the alleged persecution, *id*. § 1158(b)(1)(B)(i). To qualify for withholding of removal, Giron Garcia must show that one of these protected grounds constituted "a reason" for the persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3)(A). Substantial evidence supports the BIA's determination that Giron Garcia failed to establish a sufficient nexus, under either of these standards, between her alleged persecution and her membership in a particular social group.

2

The agency reasonably determined that Giron Garcia had failed to show that the harassing phone calls and text messages she received were based on her membership in her proposed social groups, namely, "member[s] of the Giron Garcia family" and "Guatemalan women." Giron Garcia acknowledged that she did not know the identity of the anonymous caller, and while she thought that the caller was probably one of her husband's ex-girlfriends, she also said that she did not think that the caller was either of the two women with whom he had previously lived. Although "'the factual circumstances alone' may constitute sufficient circumstantial evidence of a persecutor's identity or motives,'" *Canales-Vargas v. Gonzales*, 441 F.3d 739, 744 (9th Cir. 2006) (quoting *Navas v. INS*, 217 F.3d 646, 657 (9th Cir. 2000)), the record here does not compel the conclusion that the anonymous caller was motivated by Giron Garcia's status as a Guatemalan woman or as a member of the Giron Garcia family. *See Bringas-Rodriguez*, 850 F.3d at 1059. The record would support a reasonable inference that the anonymous caller was motivated by a purely personal dispute that she had with Giron Garcia, and "'[p]urely personal retribution' is not persecution 'on account of' a protected ground." *Garcia v. Wilkinson*, 988 F.3d 1136, 1144–45 (9th Cir. 2021) (alteration in original) (citation omitted). On this record, the agency permissibly rejected, as unduly speculative, Giron Garcia's contention that the caller acted based on her membership in her proposed social groups.

3

The petition for review is **DENIED**.[1]

---

[1] In a supplemental letter under Federal Rule of Appellate Procedure 28(j), Petitioners contend that the Immigration Court lacked jurisdiction because they were served with Notices to Appear that failed to designate a date and time to appear before an immigration judge. Petitioners acknowledge, however, that they were later served with hearing notices containing this information. Their argument on this score is thus foreclosed by our decision in *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019).